CONLAN, J.
This is an appeal from a judgment entered after trial had before the court, without a jury. The action was brought to recover liquidated damages provided for in a reciprocal contract entered into between the parties, substantially as follows: The contract provided that the defendant should furnish his theater in Denver, Colorado, for one week, commencing February 27,1893, and the plaintiff should furnish his theatrical company and play in said theater for said week; the proceeds to be divided. The contract or agreement concluded with the íoIIoaving clause:
It is further agreed and understood by the parties hereto that, for any violation of the above mentioned covenants by either .party (acts of Providence excepted), he or they shall forfeit or pay over to the other party the sum of five hundred dollars on demand, as liquidated damages.”
The court, after hearing all the evidence, made the following findings of fact and conclusions of law:
“(7) That the said defendant, during the week contracted for, ¡permitted an attraction other than that of the plaintiff to play at his said theater. (8) That no fire, national or local calamity, or any other unforeseen accident or obstacle, arose which rendered the fulfillment of the contract impossible upon the part of the defendant. (9) That the said defendant broke the said agreement vrithout just cause or excuse. (10) That the defendant did not furnish his theater to the plaintiff for the term and as specified in the contract, but notified the plaintiff that he could not 'do so. * * * (12) That the clause specified in the contract .providing that, for any violation of the covenants therein contained, either party will forfeit and pay over to the other the sum of five hundred dollars on demand, was intended to be, and was, a penalty, and not liquidated damages.”
Counsel for the plaintiff asked the court to find as follows:
“(11) That the clause in said contract specified in the above finding 6 of fact provides, in the event of a breach by either party, for liquidated damages, and not for a penalty. (12) That, the damages under the agreement being liquidated, plaintiff is entitled to recoved the stipulated amount without further proof of loss.”
The court refused to so find, to which refusal the plaintiff excepted. The court thereupon ordered judgment for the plaintiff for six cents. We think this was error. The contract imposed reciprocal obligation, and fixed the amount of damages to be paid in case of a breach by either party. The amount so fixed was not disproportionate to the amount of damages that might reasonably be Avithin the contemplation of the parties at the time, and they had a perfect right to fix and limit that liability. The covenant *294 was one of liquidated damages, and, on the facts as found by the court, the plaintiff was entitled to judgment for the amount stipulated.
Judgment appealed from reversed, and a new trial ordered, with costs to the appellant to abide the event.
All concur.